PORTO RICO COMPANY
*v.*
EDWARD B. ALSOP ET AL.

---

ALBERT E. LEE, Trustee,
*v.*
PORTO RICO COMPANY.

---

PRIORITY OF LOANS TO RECEIVER.

The objection that prior bonded indebtedness cannot be displaced by indebtedness for expenses of preservation made by the receiver under the orders of the court is not well taken. The loans to the receiver for the purpose of carrying on the business must be first paid.

April 10, 1902.

---

*Mr. A. E. Linhart* for complainant.

*Messrs. Pettingill & Keedy* for defendant.

*Mr. F. H. Dexter* for defendant.

HOLT, Judge, delivered the following opinion:

The reports of sales by the special master, A. E. Lee, including that filed March 17th, 1902, are confirmed, no exceptions having been filed thereto. The receiver herein, if he has not already done so, will turn over to the purchaser, E. A. Arnold,

PORTO RICO—22.

the property bought by him herein, and will take receipt therefor. This will include the bond and mortgage of Miguel Deya, of $1,200, it appearing to the court that it was sold with the other property embraced in the report of said master. The decree, in enumerating what is to be sold, in clause 7, says, "All other property, real, personal, and mixed." This authorized the sale of everything belonging to the company admitting of ownership. The word "property" has been held in many cases to include a debt or chose in action. 19 Am. & Eng. Enc. Law, 287.

It is hereby ordered that there be paid to the said special master, A. E. Lee, out of the funds now in the registry of this court arising from said sales, the sum of $100, being allowance to him for making the same in accordance with the decree herein, and when paid he will receipt to the clerk therefor, his receipt to be filed as a part of the record of these cases.

It appears there is in the registry of the court, arising from said sales, more money than will be necessary to pay the preferred claims of creditors not estimating the obligations of the receiver yet outstanding for money borrowed under orders of the court. In this mention of creditors the bondholders are not considered.

Objection is now made by defendants De Ford & Company to the payment of these obligations out of the funds arising from said sales, save they make no question as to the first sum borrowed by him, which was $3,000, and which has already been paid. The parties have been heard. De Ford & Company claim the money in the registry arises from the sale of different pieces of property that were embraced in the mortgage securing the bonds they hold, and that the money so borrowed was used to operate the gas plant, and that the money arising from the sale generally of the property embraced in their mortgage should not

Porto Rico Co. v. Alsop.

be subjected to their payment. In other words, that their prior bonded indebtedness cannot be displaced by the indebtedness created by the receiver under the orders of the court. This objection is not well taken.

Upon the bill filed April 28th, 1900, by the Porto Rico Company, in the United States provisional court, the receiver was appointed. The defendant De Ford & Company, with other defendants, waived service of subpœna, joined in the prayer of the bill, and requested his appointment. The order appointing him directed that he continue the operation of the plants belonging to the company, and that he preserve and keep them in proper repair. By the petition of April 28th, 1900, he asked that he be allowed to borrow $3,000 for necessary repairs, in order to operate them advantageously, the loan to be a lien on all the property of the company in his hands. The property consisted of the gas plant, the ice plant, and other property.

The defendants De Ford & Company, with other creditors, joined in the receiver's petition, and on April 28th, 1900, the provisional court by its written order authorized the receiver to borrow the said sum for said purposes, the order making the loan a lien on all the property in the receiver's hands. Thus the borrowing began and for the purposes named. De Ford & Company not only assented to it, but asked it. Four subsequent loans were made by order of the court, to wit: $2,500 on October 9th, 1900; $1,200 on December 21st, 1900; $3,500 on January 30th, 1901; $2,200 on June 12th, 1901. They were ordered made upon petition by the receiver and evidence heard. No objection whatever was made to the first three. When the last loan was ordered, De Ford & Company, for the first time, objected, and then only to its being made a lien on the property aside from the gas plant. All the orders made the loans a lien upon all the property. The plants were of such a nature—at

least the ice and gas plants—that their ruin would result from being idle, and they could not well be operated independently. The franchise for lighting the city of Ponce was a part of the assets of the company, and it was liable to forfeiture for failure to light the city. The loans made were necessary to pay the taxes, continue the lighting of the city of Ponce, operate the ice plant, and for other necessary expenses of the receivership. They were all "expenses of preservation," not of enlargement of the property or additions to it. It is not like a case of a receiver appointed under a foreclosure suit by a second mortgagee, where the first mortgagee is objecting to the issuing of receiver's certificates to raise money to carry on the insolvent company's business, improve its property, and make them a paramount lien on property covered by the first mortgage.

It is, therefore, now ordered that the obligations executed by the receiver of October 9th, 1900, for $2,500, and of December 21st, 1900, for $1,200, be paid out of the amounts in the registry of this court to the owner thereof, the same to be taken in and filed in this court. And there will also be paid out of said funds on the obligation of January 30th, 1901, for $3,500, the sum of $1,000; it to be credited on said obligation, and a receipt to be taken by the clerk and filed in court for it. There is also ordered paid, out of said funds to the clerk of this court the 1 per cent commission due him upon said sums, and the sums heretofore ordered paid out, in all amounting to $8,184.82, the sum to be paid him being $81.85. The condition of these cases does not, in the opinion of the court, admit of further payment at this time, as there are other lien claims which cannot now be adjudicated owing to the condition of the record.